IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA
Case No. 1:24-cv-00881

| | |
|---|---|
| **JURYX, LLC,**<br><br>     **Plaintiff,**<br>v.<br><br>**LAUREN KULP; TANDEM LEGAL SOLUTIONS, LLC**<br><br>     **Defendants.** | **MOTION FOR PRELIMINARY INJUNCTION** |

Pursuant to Rule 65 of the Federal Rules of Civil Procedure, 18 U.S.C. § 1836(b), N.C.G.S. §§ 66-154(a), Fla. Stat. §688.003, and Ga. Code Ann. § 10-1-762, Plaintiff JuryX, LLC d/b/a Jury-X® ("Jury-X") moves this Court for an Order granting a Preliminary Injunction against Defendants Lauren Kulp ("Defendant Kulp") and Tandem Legal Solutions, LLC ("Defendant Tandem"), as set forth below. In support of this Motion, Jury-X shows the Court the following:

1. Jury-X filed a Verified Complaint alleging claims for misappropriation of trade secrets under both federal and state law. *See* 18 U.S.C. §1836(b); N.C.G.S. §§ 66-152, *et seq*.; Fla. Stat. §688.001, *et seq*.; Ga. Code Ann. § 10-1-760, *et seq.* Jury-X has also asserted several other claims against Defendants, including breach of contract, and violations of N. C. Gen. Stat. § 75-1.1. (Dkt. 1.)

2. After Defendant Kulp resigned from her employment with Jury-X, Jury-X became aware that she was performing jury consulting services for Jury-X clients—something that necessarily required use of Jury-X's Confidential Information and violated Defendant Kulp's various employment agreements with Jury-X.

3. Jury-X sent Defendant Kulp a Cease-and-Desist Letter. Therein, Jury-X asked Kulp to abide by her obligations, including her obligation not to use Jury-X Confidential Information.

4. Defendant Kulp led Jury-X to believe the scope of her breaches were limited to one-off engagements.

5. Yet, Defendant Kulp refused to confirm she neither had, nor was using, Jury-X's Trade Secrets or Confidential Information while performing these discrete jury consultation services.

6. In the last several weeks, Jury-X has discovered significantly more information about Defendant Kulp's wrongful activities:

   a. She linked her personal email to Jury-X's server on the eve of her resignation.

   b. She formed and is operating a competing business, Defendant Tandem, offering the same unique services offered by Jury-X.

c. Defendant Tandem's website is strikingly similar to Jury-X's, offering the same services and using the same terminology. Its methodology appears to be a copy of Jury-X's.

d. Defendants cannot offer Jury-X's proprietary methodologies and approach to jury consulting without having misappropriated Jury-X's Trade Secrets (in violation of numerous statutes) and Confidential Information (in breach of Defendant Kulp's Confidentiality Agreement with Jury-X).

e. Jury-X's longtime clients are discontinuing their relationship with Jury-X because Tandem is offering the same services at a lower price.

f. And, perhaps most troubling, Defendants appear to be directly sharing with clients the Jury-X strategies it has copied—without having these clients agree to treat that information as confidential.

7. The full scope of Defendants' wrongdoing is still unknown based on Defendant Kulp's attempts to hide her deceit, as described in the Verified Complaint.

8. But at the very least, Jury-X is no longer the keeper of its Trade Secrets and Confidential Information.

3

Case 1:24-cv-00881-LCB-LPA    Document 8    Filed 10/24/24    Page 3 of 9

9. This is precisely the type of irreparable harm that can only be addressed through a Preliminary Injunction.

10. Because secrecy is an essential element to a trade secret, Jury-X's harm is immediate if it cannot regain possession of its Trade Secrets and Confidential Information.

11. Jury-X, therefore, moves for a preliminary injunction based upon trade secrets misappropriation, breach of confidentiality, and violation of N.C.G.S. § 75-1.1. Jury-X is likely to succeed on the merits of each of these claims, any one of which would support enjoining Defendants from keeping and using Jury-X's Trade Secrets and Confidential Information.

12. Jury-X requests as part of its preliminary injunctive relief that Defendants' electronic devices be imaged to ensure that Jury-X's Trade Secrets and Confidential Information is no longer accessible to Defendants. Jury-X does not seek permanent seizure of Defendants' devices, nor does it request that Defendants' devices be taken into custody of the Court. Rather, Jury-X only seeks Defendants' devices for copying and inspection—to preserve evidence while mitigating its further harm.

13. Jury-X also seeks return of any documents or other non-electronic materials reflecting Jury-X's Trade Secrets or Confidential Information that

4

Case 1:24-cv-00881-LCB-LPA   Document 8   Filed 10/24/24   Page 4 of 9

were misappropriated by Defendant Kulp and are in the possession of one or both Defendants.

15. Without this injunction, Defendants will likely continue to engage in their unlawful conduct, as they have continued to do despite Jury-X's admonitions.

15. The balance of equities is in Jury-X's favor, as Defendants' access to Jury-X's Trade Secrets and Confidential Information is in violation of federal and state law, and they otherwise have no right to this information.

16. The public interest is served by allowing companies like Jury-X to protect their trade secrets and confidential information, and by providing a forum to seek temporary injunctive relief to enjoin any further breach or disclosure, potentially causing irreparable harm and destroying incentives to innovate.

17. In interests of judicial efficiency, Jury-X is filing this Motion rather than seeking a temporary restraining order.

18. For the relief sought by Jury-X through this Motion, Jury-X relies upon and incorporates the reasons set forth in its Verified Complaint, as well as every exhibit thereto, and the accompanying Brief in Support of Plaintiff's Motion for Preliminary Injunction, as if set forth herein.

**WHEREFORE,** Plaintiff Jury-X respectfully requests that the Court enter an Order that Jury-X is likely to be successful on the merits of its trade secrets, breach of confidentiality, and N.C. Gen. Stat. § 75-1.1 claims; that absent injunctive relief in favor of Jury-X the harm to Jury-X is irreparable; that the balance of equities favors Jury-X; and that the public interest favors granting an injunction in favor of Jury-X. Jury-X further requests that the Court provide in that Order that Defendants Kulp and Tandem be preliminary enjoined as follows:

   a. that Defendants be PROHIBITED, ENJOINED, and RESTRAINED from disclosing, using, duplicating, distributing, or relying upon Plaintiff Jury-X's trade secrets or proprietary or confidential information, as further defined and identified in the Verified Complaint;

   b. that Defendants be PROHIBITED, ENJOINED, AND RESTRAINED from soliciting, enticing, or performing jury consultation services until Defendants have complied with subsections (c) through (f) set forth below, and Jury-X's chosen computer forensic examinator certifies in a written statement filed with the Court that Jury-X's trade secrets and confidential information no longer remain on Defendants' personal devices; and

6

c. that Defendants SHALL return all Jury-X's property, including but not limited to Jury-X's Trade Secrets and Confidential Information, and certify under oath in a written statement filed with the Court that they have returned the same within seven (7) days of this Order; and

d. that Defendants SHALL preserve all data currently stored on any computers over which they have possession, custody, or control, including personal digital assistants, tablets, or mobile telephones, including any information stored on backup media, which currently stores, or which has stored, Jury-X's Trade Secrets or Confidential Information; and

e. that Defendants SHALL preserve all emails on any computer under their control, including internet mail servers, personal digital assistants, tablets, and other hardware, that was at any time related to the causes of action alleged in this action;

f. that Defendants SHALL provide to Jury-X's forensic computer examiner copies of all devices described in subsection (d) above for processing and imaging; and

g. that the Court grant such other relief as the Court deems just and proper.

7

This the 24th day of October, 2024.

Respectfully submitted,

By: */s/Parick M. Kane*
Patrick M. Kane (N.C. Bar No.36861)
Pkane@foxrothschild.com
Ashley Barton Chandler (N.C Bar No. 53381)
AChandler@foxrothschild.com

**FOX ROTHSCHILD LLP**
230 N. Elm Street, Suite 1200
Greensboro, North Carolina 27401
(336) 378-5200

*Margaret A. Gisch, Esq. (IL ARDC #6204431)
magisch@gct.law

**GOLAN CHRISTIE TAGLIA LLP**
70 West Madison Street, Suite 1500
Chicago, Illinois 60602
(312) 263-2300
**Special appearance under Local Rule 83.1(d) forthcoming*

*Attorneys for Plaintiff Jury-X LLC*

## CERTIFICATE OF SERVICE

This will certify that Plaintiff is serving Plaintiff's Motion for Preliminary Injunction upon Defendants contemporaneously with service of the Brief in Support thereof, Verified Complaint and Motion to Seal and Exhibit A to the Motion to Seal as follows:

>Lauren E. Kulp
>37 Landover Circle
>Chapel Hill, NC  27516
>
>Tandem Legal Solutions LLC
>c/o Lauren E. Kulp, Registered Agent
>1710 E. Franklin Street, #1175
>Chapel Hill, NC  27514

This the 24th day of October, 2024.

*s/Patrick M. Kane*
Patrick M. Kane
