IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA
Case No. 1:24-cv-00881-LCB-JEP

| | |
|---|---|
| **JURYX, LLC,**<br><br>     **Plaintiff,**<br><br>v.<br><br>**LAUREN KULP; TANDEM LEGAL SOLUTIONS, LLC,**<br><br>     **Defendants.** | **JOINT STIPULATION** |

In connection with Plaintiff's Motion for Preliminary Injunction (Dkt. No. 8), the Parties have agreed to the following stipulation (the "Stipulation"):

1. Definitions.

    a. For purposes of this Stipulation only, **Trade Secret or Confidential Information** is defined as:

    i. all information created by or for Jury-X—including information created by its employees, by its vendors, or by independent contractors engaged by Jury-X—that reflects Jury-X's past or present approach and methodology to jury selection services or that reflects any research and development ("R&D") invested by Jury-X towards future methodologies;

ii. all information created by or for Jury-X—including information created by its employees, by its vendors, or by independent contractors engaged by Jury-X—that reflects Jury-X's financial information, including financial projections, budget proposals, expense allocations, fee structures, pricing models, pay scales, and business plan(s);

iii. all compilations, data tables, CSV files, and spreadsheets created by or for Jury-X—including those created by Jury-X's employees, by its vendors, or by independent contractors engaged by Jury-X—that contain: mental impressions, characteristics, or values of potential jurors or Jury-X clients; other compiled information regarding Jury-X clients; or information on specific trials or cases for which Jury-X was engaged;

iv. all training materials created by Jury-X, its employees or used by Jury-X in the training of its employees;

v. all documents labeled or designated "Confidential," "Proprietary," or as "Trade Secret Information" by Jury-X; and

vi. all documents identified in the attached **Exhibit A**, filed under seal.

b. For purposes of this Stipulation, **Defendants' Devices** include any computer, cell phone, tablet, or external drive within the possession, custody, or control of Defendants and currently or previously used by Defendants (regardless of whether the device was or is owned by Defendants)[1] from the beginning of Kulp's employment with Jury-X through the present to (1) access, view, download, store, transfer, or create Jury-X's Trade Secret or Confidential Information; or (2) conduct jury consulting or other trial support service for Defendants' clients.

c. For purposes of this Stipulation, **Defendants' Cloud-Based Storage** includes the cloud-based storage and file-sharing services (including but not limited to Google Drive, OneDrive, Apple iCloud, Box, or Dropbox) currently or previously used by Defendants (regardless of whether the cloud-based storage was or is maintained by Defendants)[2] from the beginning of Kulp's

---

[1] For the avoidance of doubt, if Defendant Kulp used a device owned and maintained by her fiancée or another third party to do any of the acts identified in this subparagraph, that device falls within the ambit of "Defendants' Devices."

[2] For the avoidance of doubt, if Defendant Kulp used a cloud-based storage system maintained or managed by her fiancée or another third party to do any of the acts identified in this subparagraph, that cloud-based storage falls within the ambit of "Defendants' Cloud-Based Devices."

3

employment with Jury-X through the present to (1) access, view, download, store, transfer, or create Jury-X's Trade Secret or Confidential Information; or (2) conduct jury consulting or other trial support service for Defendants' clients.

    d. For purposes of this Stipulation, **Jury Consultation Services** means the performance of jury or trial consulting services before, during, or after voir dire for any law firm, lawyer(s), or legal service provider in which (1) Defendants would be involved in researching, investigating, evaluating, rating, or making recommendations regarding specifically identified potential or actual jurors or (2) Defendants would be actively assisting any law firm, lawyer(s), or legal service provider during the process of selecting and/or seating a specific jury.

2. Except in connection with this litigation and in compliance with the provisions of any protective order, Defendants agree not to disclose, use, duplicate, distribute, or rely upon Jury-X's Trade Secret and Confidential Information.

3. Defendants agree to return to counsel for Jury-X all tangible, non-electronically stored documents in their possession, custody, or control that reveal or reflect what Jury-X contends is Jury-X's Trade Secret and Confidential Information. In order to satisfy this requirement, Defendant

Kulp agrees to take all reasonable efforts to locate and deliver such documents to her counsel.[3] Defendants' counsel may retain a copy of such documents for purposes of this litigation, which Jury-X may designate as "Highly Confidential – Outside Counsel Attorneys' Eyes' Only."[4]

4. As to electronically stored documents, Defendants agree to take all reasonable efforts to identify and provide to counsel a list of all possible locations on Defendants' Devices or on Defendants' Cloud-Based Storage where Jury-X's Trade Secret or Confidential Information may exist. If Defendants have used cloud-based storage belonging to or maintained by a third party to access Jury-X Trade Secret or Confidential Information, Defendants shall include such locations in the list required by this Paragraph 4.

---

[3] Because Defendant Kulp's fiancée was previously engaged as a vendor for Jury-X, Defendant Kulp's compliance with this provision shall also include making reasonable efforts to locate and deliver Jury-X's Trade Secret or Confidential Information in her possession, custody, or control that she obtained or has access to through her fiancée's prior engagement with Jury-X.

[4] The Parties intend for documents designated "Highly Confidential – Outside Counsel Attorneys' Eyes' Only" pursuant to this Stipulation to be ultimately governed by procedures set forth in a forthcoming proposed stipulated protective order. Jury-X's designations at this time shall be preserved as if in conformity with that forthcoming agreement and, consistent with the procedures to be set forth therein. Defendants reserve the right to challenge the "Highly Confidential – Outside Counsel Attorneys' Eyes' Only" designation of the documents consistent with the procedure for challenging designations to be set forth later in the proposed stipulated protective order.

5. Defendant Kulp agrees to certify under oath or penalty of perjury that she has complied with Paragraphs 3 and 4 within ten (10) days of execution of this Stipulation.

6. Defendants agree to make Defendants' Devices and Defendants' Cloud-Based Storage available for digital imaging and collection by a neutral, third-party forensic examiner, selected jointly by the Parties (the "Forensic Examiner"). Jury-X, on the one hand, and Defendants, on the other hand, agree to split 50/50 the costs of the Forensic Examiner.

7. The Parties agree to enter into a joint protocol to govern the imaging of Defendants' Devices and Defendants' Cloud-Based Storage, which will include at a minimum, the following:

   a. A reasonable timeline for the Forensic Examiner to:
      i. collect and image Defendants' Devices and Defendants' Cloud-Based Storage;
      ii. preserve and capture all metadata on and in Defendants' Devices and Defendants' Cloud-Based Storage;
      iii. locate Jury-X's Trade Secret or Confidential Information on Defendants' Devices and Defendants' Cloud-Based Storage with the aid of folder identification, search terms, and other culling methods approved by the Parties, and the list provided by Defendants in Paragraph 4;

  iv. return copies of Jury-X's Trade Secret or Confidential Information on Defendants' Devices and Defendants' Cloud-Based Storage to Jury-X's counsel. Defendants' counsel may retain a copy of such documents for purposes of this litigation, which Jury-X may designate as "Highly Confidential – Outside Counsel Attorneys' Eyes' Only)"[5];

  v. permanently delete Jury-X's Trade Secret or Confidential Information from Defendants' Devices and Defendants' Cloud-Based Storage; and

  vi. return Defendants' Devices and Defendants' Cloud-Based Storage credentials to Defendants;

 b. A certification by the Forensic Examiner that he has returned to Jury-X and permanently deleted from Defendants' Devices and Defendants' Cloud-Based Storage the Trade Secret or Confidential Information as set forth in Paragraph 7(a)(iii)–(v). To the extent

---

[5] The Parties intend for documents designated "Highly Confidential – Outside Counsel Attorneys' Eyes' Only" pursuant to this Stipulation to be ultimately governed by procedures set forth in a forthcoming proposed stipulated protective order. Jury-X's designations at this time shall be preserved as if in conformity with that forthcoming agreement and, consistent with the procedures to be set forth therein. Defendants reserve the right to challenge the "Highly Confidential – Outside Counsel Attorneys' Eyes' Only" designation of the documents consistent with the procedure for challenging designations to be set forth later in the proposed stipulated protective order.

practicable, the certification shall include a list of all deleted materials, identifying the basis for why each item was deleted in accordance with the bases for deletion as outlined in the joint protocol (i.e. folders, search terms, or "near dupes"); and

c. A process for providing counsel for the Parties with images of Defendants' Devices and Defendants' Cloud-Based Storage, including review and assessment of privileged information on Defendants' Devices and Defendants' Cloud-Based Storage. In principle, this process will account for the following: prior to counsel for Jury-X receiving imaged copies of Defendants' Devices and Defendants' Cloud-Based Storage, the Forensic Examiner shall extract all potentially privileged information from Jury-X's copy and provide a copy of the extracted information to counsel for Defendants. Counsel for Defendants shall then review the extracted information and complete a privilege log in compliance with the Federal Rules of Civil Procedure.

    i. If any extracted information is determined not to be privileged, it shall be produced to counsel for Jury-X according to this Paragraph 7(c). The extracted information that has been permanently deleted from Defendants' Devices and Defendants' Cloud-Based Storage shall be

8

prioritized in this privilege review and produced to counsel for Jury-X as soon as possible upon completion of that review on a rolling basis and while review of the remaining extracted information is ongoing.

   ii. To the extent any privileged or allegedly privileged material is inadvertently produced to Jury-X by Defendants' counsel, such production shall not be a waiver of privilege. Should Defendants' counsel determine it has made an inadvertent production of material subject to an applicable privilege, Defendants' counsel shall promptly notify Plaintiff's counsel. Upon receipt of such clawback notice, Plaintiff's counsel shall either (1) destroy the specified information, or (2), in the event of a dispute about the application of the asserted privilege, sequester the information pending determination by the Court of the claim.

8. Defendants agree not to solicit, entice,[6] or perform Jury Consultation Services for fourteen days from the date this Stipulation is executed, which time is expected for the Forensic Examiner to collect, image,

---

[6] Agreement with this Paragraph 8 includes Defendants causing Defendant Tandem Legal Solutions' website to be inactive and inaccessible to the public for the duration of time contemplated therein.

locate, and permanently delete Jury-X's Trade Secret or Confidential Information from Defendants' Devices and Defendants' Cloud-Based Storage, as set forth above.

9. If the processes in Paragraph 8 are not complete within fourteen days, the Parties will promptly meet and confer to determine how to proceed, including whether the Parties can agree to an extension. Nothing in Paragraph 8 is intended to waive, limit, or preclude Jury-X from seeking an extension of Defendants' agreement not to solicit, entice, or perform Jury Consultation Services by agreement of the Parties or by order of the Court should the forensic examination contemplated by this Stipulation reveal information justifying such an extension. Further, nothing in Paragraph 8 is intended to bind Defendants to agree to any such extension.

10. To the extent not covered by the above, the Parties agree to preserve all emails, documents, data, and other information in their possession, custody, or control related to the causes of action alleged in this action or defenses related thereto.

11. Should, at any point after the deletion process contemplated by this Stipulation is complete, Defendants find additional Jury-X Trade Secret or Confidential Information on Defendants' Devices or Defendants' Cloud-Based Storage that should have been deleted but was not, Defendants agree to immediately notify their counsel of the same. Defendants' counsel will then

alert Jury-X's counsel so that both may further engage the Forensic Examiner. If Defendants find additional Trade Secret or Confidential Information on Defendants' Devices or Defendants' Cloud-Based Storage and comply with this Paragraph 11, the existence of this information is not evidence that Defendants violated any provision of this Stipulation.

    12. After the deletion process contemplated by this Stipulation is complete, Defendants' counsel may review the deleted files and identify documents that Defendants contend do not constitute Jury-X Trade Secret or Confidential Information as that term is used in this Stipulation. If Defendants' counsel identifies such documents and believes that the documents should be restored to Defendants, Defendants' counsel will meet and confer with Plaintiff's counsel to determine whether the Parties agree that the documents can be restored to Defendants. If Plaintiff does not agree that the documents can be restored to Defendants, Defendants may move the Court for relief. This Paragraph 12 is intended to recognize that the Parties' deletion process may result in the deletion of information that does not constitute Jury-X Trade Secret or Confidential Information, as that term is used in this Stipulation, and to enable Defendants to seek restoration of documents. By failing to seek restoration of any document(s) under this Paragraph 12, Defendants do not concede that any document is entitled to legal protection as a trade secret or subject to a confidentiality agreement.

13. Nothing in this Stipulation shall be construed as:

   a. an admission of liability or waiver of any of the Parties' claims or defenses in this action. The Parties have agreed to this Stipulation solely to avoid further litigation on Jury-X's Motion for Preliminary Injunction (Dkt. 8);

   b. a waiver of Jury-X's claim that it will be immediately and irreparably harmed by Defendants' use of Jury-X's Trade Secret or Confidential Information;

   c. a waiver of any Party's right to retain their own computer forensics expert for purposes of prosecuting or defending this litigation; or

   d. a waiver of any Party's right to seek emergency relief from the Court should the circumstances warrant such relief.

14. The Parties agree that this Stipulation shall not supersede, negate, or replace the terms of any preexisting agreement entered into by and between the Parties (or by two or more of them) or by and between their counsel.

15. The Parties agree that this Stipulation is a binding agreement that may be enforced by the Court and, as a result, carry with it the weight of contempt of court should any Party violate any terms herein. Any Party may move the Court for relief from this Stipulation upon showing that facts or

circumstances unknown at the time of execution of this Stipulation warrant relief.

STIPULATED THIS THE 12th DAY OF NOVEMBER, 2024, BY:

/s/La-Deidre D. Matthews

Ashley Barton Chandler (N.C Bar No. 53381)
AChandler@foxrothschild.com
La-Deidre Matthews (N.C. Bar No. 54358)
lmatthews@foxrothschild.com
Patrick M. Kane (N.C. Bar No. 36861)
Pkane@foxrothschild.com

**FOX ROTHSCHILD LLP**
230 N. Elm Street, Suite 1200
Greensboro, North Carolina 27401
(336) 378-5200

*Margaret A. Gisch, Esq. (IL ARDC #6204431)
magisch@gct.law

**GOLAN CHRISTIE TAGLIA LLP**
70 West Madison Street, Suite 1500
Chicago, Illinois 60602
(312) 263-2300
*Specially appearing under Local Rule 83.1(d)

**Counsel for Plaintiff JuryX, LLC**

/s/Kelly Margolis Dagger
Kelly Margolis Dagger
N.C. State Bar No. 44329
kelly.dagger@elliswinters.com
Scottie Forbes Lee
N.C. State Bar No. 50833
scottie.lee@elliswinters.com
Peter N. Borden
N.C. State Bar No. 53389
peter.borden@elliswinters.com

**ELLIS & WINTERS LLP**
P.O. Box 33500
Raleigh, NC 27636
Telephone: (919) 865-7000
Facsimile: (919) 865-7010

*Counsel for Defendants Lauren Kulp and Tandem Legal Solutions, LLC*