IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

JURYX, LLC,

                Plaintiff,

v.                                              1:24CV881

LAUREN E. KULP; TANDEM LEGAL
SOLUTIONS LLC,

                Defendants.

ORDER

This matter is before the Court on the Parties' Joint Local Rule 5.5 Report [Doc. #17]. The Court will adopt the Joint Report as submitted.

In addition, Plaintiff JuryX, LLC has also filed a Motion to File Certain Exhibits to Verified Complaint Under Seal and Allow Access Only to Defendants' Outside Counsel of Record [Doc. #2] and a Motion to File Certain Exhibits to the Joint Stipulation Under Seal [Doc. #19]. Plaintiff's first motion seeks to seal Exhibits D, E, F, G, H, I, and P (Doc. Nos. 1-4; 1-5; 1-6; 1-7; 1-8; 1-9; and 1-16) to the Verified Complaint on the basis that these exhibits contain or reflect Jury-X's trade secret information and were filed in support of its claim for misappropriation of trade secrets under the Federal Defense of Trade Secrets Act, 18 U.S.C. 1836(b), along with various state misappropriation statutes. The DTSA provides that "[i]n a prosecution or other proceeding under [the DTSA], the court shall enter such orders and take such other action as may be necessary and appropriate to preserve the

confidentiality of trade secrets[.]" 18 U.S.C. § 1835(a). Although Plaintiff seeks to seal these Exhibits, the Complaint itself is not sealed, and only the Exhibits containing Plaintiff's trade secrets are sealed. Plaintiff's second motion similarly seeks to seal Exhibit A to the Joint Stipulation and allow access only to Defendants' outside counsel of record. The Joint Stipulation itself is public, but Exhibit A includes confidential documents and information to facilitate the identification and return of any alleged trade secrets.

In both Motions, Plaintiff seeks to not only seal the Exhibits, but also restrict access to Defendants' outside counsel of record. In support, Plaintiff notes that Defendants are direct competitors of Plaintiff and that the documents should be provided to Defendants' outside counsel only to avoid competitive harm. Defendants do not object to that request at this time, and the Parties anticipate that this designation of documents to Outside Counsel Only will be consistent with and covered by a forthcoming Stipulated Protective Order.

The Motions to Seal and supporting explanations and evidence have been publicly filed and no objections have been raised.

Upon review of Plaintiff's unopposed Motions, the Court finds that Plaintiff has presented a compelling interest in protecting its trade secrets and that this interest outweighs the public access to the filings. The Court notes that this is not a determination that the documents or information are trade secrets for purposes of the underlying claims. However, the evidence presented by Plaintiff supports the conclusion that the information to be sealed is sensitive business information and that providing the information to the public would harm Plaintiff's competitive standing. Further, the request is narrowly tailored to redact only the trade secrets and competitive business information, and the

remainder of the case is not sealed and allows the public to understand the allegations here. Defendants do not object to the requested sealing, and sealing the specified exhibits is consistent with this Court's authority under 18 U.S.C. § 1835(a) to maintain the confidentiality of Plaintiff's alleged trade secrets.

IT IS THEREFORE ORDERED that the Joint Local Rule 5.5 Report [Doc. #17] is approved as submitted.

IT IS FURTHER ORDERED that Plaintiff's Motion to File Certain Exhibits to Verified Complaint Under Seal and Allow Access Only to Defendants' Outside Counsel of Record [Doc. #2] and Plaintiff's Motion to File Certain Exhibits to the Joint Stipulation Under Seal [Doc. #19] are GRANTED.

This, the 3rd day of December, 2024.

/s/ Joi Elizabeth Peake
Joi Elizabeth Peake
United States Magistrate Judge