IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
CASE NO. 1:24-cv-00881-LCB-JEP

| | |
|---|---|
| JURYX, LLC,<br><br>       Plaintiff,<br><br>    v.<br><br>LAUREN KULP; TANDEM LEGAL SOLUTIONS, LLC,<br><br>       Defendants. | JOINT MOTION TO STAY DEADLINES PENDING MEDIATION |

Pursuant to Rule 6(b) of the Federal Rules of Civil Procedure, Plaintiff Juryx, LLC ("Plaintiff"), jointly with Defendants Lauren Kulp and Tandem Legal Solutions, LLC ("Defendants"), move the Court to stay deadlines pending mediation. In support of this motion, Defendants respectfully show the following:

1. On October 22, 2024, Plaintiff JuryX, LLC ("Jury-X") filed a verified complaint against Lauren Kulp and Tandem Legal Solutions, LLC. (DE 1).

2. Defendants accepted service of the summonses and complaint on October 25, 2024.

3. Also on October 25, 2024, Jury-X moved for a preliminary injunction on the basis of a 63-page verified complaint, plus exhibits, and a supporting brief. Jury-X's complaint contains twelve claims, including claims under federal, North Carolina, Florida, and Georgia law.

4. The parties worked together to enter a stipulation resolving the motion for preliminary injunction based in large part on their agreement to conduct a forensic

examination of four electronic devices and two cloud-based accounts belonging to Defendants on a short deadline.

5. Plaintiff, Defendants, and their respective counsel have spent substantial time and effort navigating the forensic examination, engaging in informal early discovery, and discussing the possibility that the parties may be able to resolve this case without further litigation. These early efforts directed to the preliminary injunction, forensic examination, and informal discovery have resulted in substantial progress on this case, despite the fact that Defendants have sought extensions of time to respond to the complaint (without objection from Plaintiff) and have not yet responded to the complaint. The parties and counsel have devoted their attention to making substantive progress on the above-described tasks and to discussing the possibility of a resolution.

6. By order of the court, Defendants have until January 21, 2025, the date of filing this motion, to respond to the complaint. Therefore, the time for Defendants to respond has not yet expired.

7. The parties have agreed to engage in early mediation with the goal of furthering their settlement prospects. The parties have scheduled a mediated settlement conference on February 3, 2025. To allow the parties to devote complete attention to settlement, the parties have agreed to jointly seek a stay of deadlines, including Defendants' deadline to respond to the complaint.

8. The parties are hopeful that they can resolve their differences through mediation or, if not, that they can resolve any outstanding issues in the weeks following

mediation. To allow the parties adequate time to attempt to settle this case, the parties seek a stay of all deadlines until (1) the parties file a stipulation of dismissal; or (2) the parties notify the Court that settlement efforts have failed. The parties request that the Court allow twenty-one days after mediation for the parties to continue to attempt work out details of settlement if the case does not settle at mediation. The parties propose that if, after those twenty-one days, settlement efforts have failed, they will notify the Court on February 24, 2025, the stay will be lifted, and Defendants will have fourteen days (up to and including March 10, 2025) to answer or otherwise respond to the complaint. Alternatively, if, after mediating, the parties believe that they need additional time to resolve the case, the parties will apply to the Court for appropriate relief on or before February 24, 2025.

9. The parties believe that this proposed schedule will conserve the resources of the Court and the parties by promoting early resolution of the case, and avoiding the need for litigation—such as motion practice in response to the complaint—that may be rendered unnecessary by settlement. The parties note that, even if settlement efforts fail, the overall progress of the case is not likely to be substantially delayed because they have already made significant progress on informal discovery and computer forensic work early in the case.

10. Undersigned counsel has consulted with counsel for Plaintiff, and all parties join in this motion.

11. This motion is made in good faith and not for the purpose of delay.

For the reasons stated above, the parties respectfully request that the Court grant this motion and stay all deadlines as set forth above.

This the 21st day of January, 2025.

                                ELLIS & WINTERS LLP

                                /s/ Kelly Margolis Dagger
                                Kelly Margolis Dagger
                                N.C. State Bar No. 44329
                                kelly.dagger@elliswinters.com
                                Scottie Forbes Lee
                                N.C. State Bar No. 50833
                                scottie.lee@elliswinters.com
                                Peter N. Borden
                                N.C. State Bar No. 53389
                                peter.borden@elliswinters.com
                                P.O. Box 33550
                                Raleigh, NC 27636
                                Telephone: (919) 865-7000
                                Facsimile: (919) 865-7010

                                *Counsel for Defendants Lauren Kulp and Tandem Legal Solutions, LLC*